# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| SIGHTLINES, INC. | * | |
|---|---|---|
| | * | CIVIL ACTION NO. |
| VERSUS | * | |
| | * | 3:13-CV-00527-SDD-RLB |
| LOUISIANA LEADERSHIP INSTITUTE | * | |
| | * | |

## ORDER

Before the Court is a *Motion in Limine* filed by Sightlines, Inc., seeking strike various witnesses and exhibits identified by the Louisiana Leadership Institute ("LLI") in its *Amended Final Witness List* and *Amended Final Exhibit List*.[1] LLI has filed an *Opposition* to Sightlines' *Motion*.[2] For the following reasons, Sightlines' *Motion in Limine* shall be granted in part, and denied in part.

### A. LLI's Amended Final Witness List

Sightlines seeks to exclude those witnesses identified by LLI in its *Amended Final Witness List*[3] who were not identified in LLI's Rule 26(a)(1) Initial Disclosures. Rule 26(a) of the Federal Rules of Civil Procedure specifically requires parties, without awaiting a discovery request, to provide initial disclosures to the other parties. These initial disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[4] Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), "is not

---

[1] Rec. Doc. 41 is Sightlines' *Motion in Limine and Incorporated Memorandum in Support*. Rec. Doc. 42 is Sightlines separate *Memorandum in Support*.
[2] Rec. Doc. 43.
[3] Rec. Doc. 32 and Rec. Doc. 33 are both identified as LLI's *Amended Final Witness List*.
[4] Fed.R.Civ.P. 26(e)(1)(A).

24578                                                          1

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[5] LLI, as the non-disclosing party, bears the burden of proving its failure was justified or harmless. LLI has failed to make any such showing in its *Opposition*.

The Court finds that to allow LLI to call witnesses newly identified at this late stage in the proceedings, essentially on the eve of trial, would be highly prejudicial to Sightlines. Accordingly, the following witnesses shall be struck from LLI's *Amended Final Witness List*: Butch Browning; David Guillory; Tammi Reynolds; Nick Mitchell; and Sid Gautreaux. Although LLI failed to identify Gayla Roberts in its Initial Disclosures, the Court finds it will not be prejudicial to Sightlines to allow her to testify considering Sightlines has also identified Gayla Roberts as a Will Call Witness. Therefore, the only persons who remain on LLI's *Amended Final Witness List* are Ben Jeffers, Sherman Ruth, Cleo Fields, and Gayla Roberts. The Court further finds that because LLI has failed to delineate whether these are Will Call or May Call Witnesses, LLI shall be responsible for having these witnesses present at trial unless they have been identified by Sightlines as Will Call Witnesses.

Sightlines also argues that Gayla Roberts is LLI's only witness whose testimony will be relevant to the remaining issues of whether there were any defects in the construction of the luxury suites and the costs to repair such defects. Therefore, it Sightlines' position that the remaining witnesses on LLI's *Amended Final Witness List*

---

[5] Fed.R.Civ.P. 37(c)(1). The Fifth Circuit has delineated the following four factors as relevant in determining whether a Rule 26 violation is harmless or substantially justified: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Foundation v. Magna Transp. Inc.*, 338 F. 3d 394, at 402 (5th Cir. 2003).

24578 2

should be excluded as their testimony will be irrelevant.[6] The Court finds that the issue of relevance in this instance is best reserved for trial. Therefore, Sightlines *Motion* shall be denied without prejudice as to LLI's remaining witnesses, and Sightlines will be permitted to reurge its argument as it deems necessary at trial.

B. <u>LLI's Amended Trial Exhibit List</u>

Sightlines contends that certain exhibits in LLI's *Amended Trial Exhibit List* should be excluded because LLI failed to comply with the Court's directive at the Final Pretrial Conference and based on other evidentiary grounds.[7]

During the December 16, 2014 Final Pretrial Conference the Court instructed both parties to correct the deficiencies in their respective exhibit and witness lists. The Court finds that LLI has failed to comply with its instructions regarding the identification of its exhibits in its *Amended Final Exhibit List* for trial purposes, particularly in the following five (5) sections:

> A. Any and all correspondences between Sightlines Inc., and/or its representatives and Louisiana Leadership Institute and/or its representatives in regards to the installation and defects of the hospitality suites at Louisiana Leadership Institute.
>
> B. Photographs of the hospitality suites installed by Sightlines and of the defects associated with this litigation.
>
> C. Any and all relevant documents associated with the contract between Sightlines and Louisiana Leadership Institute for the installation of the hospitality suites.
>
> ****
>
> G. Exhibits attached in Support of Sightlines' Motion for Partial Summary Judgment.
>
> H. Exhibits attached in Support of Louisiana Leadership Institute's

---
[6] Rec. Docs. 32 and 33.
[7] Rec. Doc. 34.

24578

3

Opposition to Partial Summary Judgment.[8]

The Fifth Circuit allows "trial courts 'broad discretion to preserve the integrity and purpose of the pretrial order.'"[9] This broad discretion includes sanctioning a party who fails to comply with a pretrial order by striking evidence.[10]

LLI argues that the foregoing exhibits should not be excluded because "the correspondences and documents referenced in A, B, C, G and H are not new to Sightlines and have previously been discussed between during discovery...any objections to the introduction of documents falling under A, B, C, G and H should be reserved for trial provided that such documents have been previously disclosed through discovery."[11] However, as the Court explained during the Final Pretrial Conference, the need for specifically delineating exhibits is for the parties' and the Court's benefit as it allows the Court to conduct a judicially efficient trial. LLI's identification of its exhibits as "any and all correspondence" or "any and all relevant documents" is simply not descriptive and fails to put Sightlines and the Court on notice of what correspondence LLI intends to produce or what comprises LLI's so-called relevant documents. It goes without saying that what LLI considers relevant, may not be viewed as relevant in the eyes of Sightlines or the Court. Similarly, LLI's identification of all photographs of the luxury suites and associated defects is vague and open to broad interpretation. Considering that the trial in this matter is scheduled to begin on January 12, 2015, the Court finds that it would be highly prejudicial to Sightlines to allow LLI another

---

[8] Rec. Doc. 34.
[9] Neff v. Ford, 163 F.3d 1354, *1 (5th Cir. 1998)(quoting Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990)(quoting Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979))(unpublished opinion).
[10] Id. Moreover, Rule 16(f) of the Federal Rules of Civil Procedure allows a Court to sanction a party who fails to obey a scheduling or pretrial order by striking all or part of a pleading or from introducing designated matters into evidence.
[11] Rec. Doc. 43, p. 3.

24578

4

opportunity to correct the deficiencies in Subsections A, B, and C of its exhibit list. Therefore, these exhibits shall be struck from LLI's *Amended Trial Exhibit List*.

As for subsections G and H (those exhibits attached to Sightlines' *Motion for Partial Summary Judgment* and *LLI's Opposition*), the Court finds that although LLI failed to specifically identify them on its exhibit list, the content of these subsections is readily identifiable and, therefore, will not prejudice Sightlines. Hence, Sightlines' *Motion* shall be denied as to subsections G and H of LLI's *Amended Trial Exhibit List*.

Sightlines also seeks to exclude the Brown Claims Report prepared by Gayla Roberts as inadmissible hearsay. While the Court agrees that the report itself is hearsay, in the event LLI is able to lay the proper evidentiary foundation at trial, the report may ultimately be admissible. Therefore, the Court shall deny Sightlines' *Motion* without prejudice as to the exclusion of the Brown Claims Report permitting Sightlines to reurge its evidentiary objection at trial.

And lastly, considering that Sightlines also listed "[a]ll pleadings filed in this matter" in its own *Amended Final Detailed Trial Exhibit List*, the Court finds no merit it in its argument seeking to strike any pleadings from LLI's *Amended Trial Exhibit List*.[12]

Accordingly, for the foregoing reasons, Sightlines' *Motion in Limine* is hereby GRANTED IN PART, and DENIED IN PART.[13]

Baton Rouge, Louisiana the 5 day of January, 2015.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[12] Rec. Doc. 36, p. 3, no. 8. LLI identified specific pleadings, as well as all pleadings filed in this matter.
[13] Rec. Doc. 41.